No. 6453.

THE NEW ORLEANS REPUBLICAN PRINTING COMPANY VS. A. DUBUCLET, TREASURER.    H. NEWGASS, INTERVENOR.

A *devolutive* appeal from a decree, refusing a mandamus on the Treasurer to compel him to pay relator a certain sum of money, will not restrain said sum in the Treasurer's hands.

APPEAL from the Superior District Court, parish of Orleans.    *Lynch, J.*

*H. H. Walsh,* for intervenor and appellant.

*John Ray,* for defendant.

The opinion of the court was delivered by

SPENCER, J.   On the eighteenth of April, 1876, the plaintiff filed a petition in the Superior District Court, alleging that said Company by contract became State Printer, and that for necessary work and material furnished during 1874 and 1875 the Auditor of Public Accounts had drawn his warrants in its favor on the treasury, against the "general fund" for those years to an amount exceeding $10,000, which warrants are now held by petitioner.   That frequent and repeated demands for their payment had been made of the Treasurer, without effect, his excuse being want of funds.   That for both of said years the Legislature had made appropriations largely in excess of the revenues, and that the Auditor had issued his warrants for said appropriations, without dis-

crimination as to whether they were for necessary expenses of the State government or not. That under the late amendments to the constitution it is made the duty of the Legislature to provide for the payment of all necessary expenses of the State government out of the revenues, and it is further provided that the revenues of each year shall be devoted solely to the expenses of said year, and that all appropriations in excess of revenues shall be null. That the Supreme Court in "State vs. Clinton, Auditor, et al." decided that the necessary expenses of the government must first be paid before those for other purposes, and that in case of excess of appropriation over revenues, those for other than necessary State expenses must fall. That the character of an appropriation is a judicial question, and not to be left to the discretion of the executive officers. That under the system adopted by the Treasurer he can and does disburse the funds as he pleases. Petitioner therefore prays for an injunction forbidding the Treasurer paying any warrants on the general funds for 1874 and 1875 until after it shall be determined judicially whether each warrant was drawn for necessary expenses of the government, and be prohibited from paying any such warrants not so adjudged until after all those for necessary State expenses have been paid, etc.

A rule *nisi* was issued against the Treasurer, to show cause on the twenty-seventh of April, 1876, why the injunction should not be granted as prayed for, and, pending the rule, restraining him as prayed for. On the twenty-seventh of April the Attorney General, for the Treasurer and State, filed an exception for answer, "that the said petition and the allegations therein contained are not sufficient in law to authorize the relief prayed for in the same."

On the twelfth of May, 1876, Herman Newgass filed an intervention, alleging that he held and owned $6323 80 of judges' warrants, drawn on the general fund of 1875; that he has made frequent and repeated demands of the Treasurer for their payment, without effect, the excuse always being that there were no funds. He alleges that these judges' salary warrants are for necessary expenses of the State government; that the Legislature for the year 1875 made appropriations far in excess of the revenues, and that the Auditor has drawn his warrants therefor without discrimination; that said salary warrants must be paid by preference to those not for necessary expenses of the government. He adopts generally the allegations of plaintiff, and alleges that he verily believes there is a large amount of money in the treasury "and now held by the Treasurer, by reason of an injunction from this honorable court." He prays for judgment decreeing his warrants to be for necessary expenses of the government, entitled to be paid out of revenues of 1875 in preference to ordinary debts and appropriations, and for a mandamus on the Treasurer commanding him to pay relator the amount

of his said warrants. On the twelfth of May an order issued which was served on the nineteenth, commanding the Treasurer to show cause on the twenty-fifth of May why the mandamus should not issue. On the nineteenth of May Newgass took a rule on plaintiff to show cause why the injunction should not be modified so as to permit the Treasurer to pay his said warrants. On the twenty-second of May the exception filed by the Attorney General on the twenty-seventh of April was tried, and on the twenty-third of May the court sustained it, refusing plaintiff's injunction and discharging the rule *nisi*, also dismissing the intervention of Newgass and refusing the mandamus, and discharging his rule on plaintiff for modification of the injunction. On the twenty-fifth of May Newgass on motion had his application and rule *nisi* for mandamus reinstated on the docket and fixed for the twenty-seventh of May and then for the second of June, on which last day it was taken up and tried. There was judgment final for defendant, ordering and decreeing that the peremptory mandamus prayed for by relator and intervenor be refused and his demand rejected, except that the warrants held by him should be recognized as for necessary expenses of the government.

From this decree Newgass asked for and prosecutes this devolutive appeal.

On the trial in the court below it was shown by relator's attorney that on the ninth of May, 1876, he called on the Treasurer and informed him that he had these warrants, and demanded their payment. The Treasurer replied there were no funds with which to pay them, and that if there were he could not pay them on account of the injunction.

The books and clerks of the treasury show that on the ninth of May there was to credit of the general fund for 1875, $7149 62, and that it was still there on the day of the trial, second of June, 1876.

It also appeared by said evidence that warrants to an amount much larger than the fund had been presented before Newgass presented his, and left in the hands of the Treasurer for payment out of this fund.

The defendant's counsel urges various objections to relator's pretensions. It is only necessary to notice one of them :

The relator applied to the court for a mandamus to compel the Treasurer to pay his warrants, and the court ordered that the Treasurer show cause why the writ should not issue commanding him to pay them. On trial of this rule the court rejected relator's demand and refused to grant the mandamus. The order to show cause undoubtedly had the effect to prevent the Treasurer paying out the funds to relator's prejudice. But on the trial this order or rule was discharged and set aside and its effects ceased. There was then no order or decree restraining the Treasurer from paying out the funds to other holders of warrants. The only mode of continuing the suspensive effect of the rule was to take a suspensive

appeal from the decree discharging it. But the relator took only a devolutive appeal, which did not prevent the decree discharging the rule from going into effect, and did not continue to suspend the funds in the hands of the Treasurer. The Treasurer could not plead the pendency of such an appeal as reason for holding the money in his hands pending the appeal. He is not obliged to hold funds unless there is in operation an order so directing. The execution and effect of the decree discharging the rule not being suspended by the appeal, the Treasurer was at liberty to pay out the money. Under these circumstances it would be a vain thing and an injustice to order him to pay to the plaintiff what he may have already lawfully and in due course of business paid to others, and what may not now be in his hands.

It is therefore ordered and decreed that the judgment of the lower court be affirmed, and that relator's application for mandamus be refused.

---

## ON APPLICATION FOR REHEARING.

EGAN, J. Suits and matters of litigation must be determined by the condition of things existing when the proceeding is had or petition filed. The court sees no error in the reasons assigned for the decree rendered. Were it otherwise, however, applying the principle just stated to this case, the State Treasurer was enjoined by process and decree of court from paying out any part of the general fund in his hands at the time Newgass applied for the mandamus in this case. Mandamus would not lie to compel the Treasurer to disobey that injunction, and was rightly refused. There is no error in the decree sought to be opened. On this application the rehearing is refused.